LEINBERGER ET AL. *v.* STATE OF INDIANA.

[No. 25,427.   Filed January 10, 1933.]

*Bernard C. Craig, Andrew N. Foley,* and *C. C. Gillen,*
for appellants.

*Arthur L. Gilliom,* Attorney-General, and *Bernard A.
Keltner,* Deputy Attorney-General, for the State.

FANSLER, J.—The defendants were jointly charged by
affidavit with rape; were tried and convicted. The jury
was correctly charged that the affidavit charging
the crime of rape includes the charge of the lesser
offenses of "attempted rape," "assault and bat-
tery" and "assault." The jury returned a verdict in a
form directed by the court as follows: (omitting the
formal parts), "We, the jury, find the defendant, Wayne
Leinberger, guilty of assault and battery with intent
to rape, and that he is 20 years of age, and that he be
fined $500 (the fine being any sum not exceeding $1,000)
and imprisoned in the State Prison." The verdict as to

Robert Gibson was identical, except as to name and age.

Following the verdict, the court entered judgment that the defendants were guilty "of the crime of assault and battery with intent to rape," and fixed their punishment as a fine in the sum of $500 and imprisonment for not less than 5 nor more than 21 years. The fine was the amount fixed by the jury in its verdict, and the imprisonment was that provided for in the last sentence of §2429 Burns 1926 (Acts 1921, p. 373), defining the crime of "attempted rape."

Defendants moved to modify the judgment by striking out all but so much thereof as provides for a fine of $500, and directs the sheriff to execute the sentence, which motion was overruled, and the ruling of the court is assigned as error.

Section 2417 Burns 1926 (Acts 1905, p. 584) describes the crime of assault and battery with intent to commit a felony and provides a penalty of imprisonment for from 2 to 14 years and a fine not exceeding $2,000. Prior to the passage of the "attempted rape" statute above referred to, this statute covered an assault and battery with intent to commit any one of the several classes of the crime of rape defined by the rape statute. The later statute now applies to the offense of assault and battery with the intention of committing *one* of the above defined crimes of rape, namely the first, that is, where the intention was to commit it forcibly and against the will of the female, and does not cover the other crimes of rape in which the consent of the female is immaterial. *Chesterfield* v. *State* (1923), 194 Ind. 282, 141 N. E. 632.

It is urged by the appellants that the only other crimes included under a charge of rape upon a woman above the age of consent are "attempted rape," "assault with intent to rape," "assault and battery" and "simple assault," and that, as the only one of

these offenses named or described in the verdict is "assault and battery," and the only lawful punishment for that offense assessed by the verdict is a fine of $500, the additional penalty fixed by the judgment should have been stricken out. The gist of appellants' contention is that, since the verdict found the defendants "guilty of assault and battery with intent to rape," rather than with "attempted rape," it is a nullity except in so far as it found them guilty of assault and battery. This contention cannot be sustained. A verdict must not be avoided except for necessity, and will not be held bad for informality if the court can understand it. *Polson* v. *State* (1893), 137 Ind. 519, 35 N. E. 907.

A verdict will be presumed to mean that the defendant is found guilty of, and subject to punishment for, a crime with which he is charged in the affidavit, and the affidavit may be considered in determining the meaning of the verdict. *Evans* v. *State* (1898), 150 Ind. 651, 50 N. E. 820.

In instruction No. 6, the court advised the jury that under the charge of rape they might find the defendants guilty of other crimes including "attempted rape"; and in instruction No. 8, quoted the statute defining "attempted rape." The verdict itself contains the language, "the fine being any sum not exceeding $1,000," which conforms to the provisions of the statute defining "attempted rape," and does not conform to the fine provided for in the statute defining assault and battery with intent to commit a felony. It is clear that the jury intended to find the defendants guilty of more than assault with the intention of committing a rape, for they used the words battery; and that it intended to find them guilty of more than assault and battery, or simple assault, since they used the words "with intent to rape." The language of the verdict is not appropriate to express an intention of finding the

defendants guilty of any of the crimes charged except "attempted rape," and may be easily and reasonably construed as finding them guilty of that crime.

The language of the judgment conforms to the verdict. It had been better, of course, had both contained the words "attempted rape." The judgment fixed the correct punishment as obviously intended by the verdict. The mistake or defect in the judgment, if any, is the use of the words "guilty of the crime of assault and battery with intent to rape" rather than "guilty of attempted rape."

Appellants' motion to modify the judgment is not well taken on the ground specified and the motion does not specify that the judgment should be corrected in the manner indicated above. In considering the ruling on the motion to modify the judgment, this court will only consider the objections particularly pointed out. *Evans* v. *State, supra.*

Appellants complain that instruction No. 21 gives undue prominence to the testimony of the prosecutrix. With this we cannot agree. It merely advises the jury that her evidence should be tested by the same rules as the testimony of other witnesses and that her testimony, without corroboration, may be a sufficient basis for conviction.

The statement in instruction No. 26, "These extracts are not to be considered by you in determining the law of the case . . ."; referring to excerpts from reported decisions of this court read to the jury by counsel in argument is not a correct statement of the law. The remainder of the instruction states the law correctly and the instruction, taken as a whole, might not mislead the jury, but the statement quoted should have been avoided.

After the defense had rested its case without attacking the reputation of the prosecuting witness, the state

was permitted to prove her general reputation for virtue and chastity by a number of witnesses and the court instructed the jury that such evidence might be considered by them as affecting her credibility as a witness. This was error prejudicial to the rights of the defendants. It is well settled in this state that the character and reputation of a witness is presumed to be good until it is attacked, and the witness not having been impeached, the introducing party may not support the testimony of the witness by evidence of general reputation. *Johnson* v. *State* (1863), 21 Ind. 329; *Brann et ux.* v. *Campbell et ux.* (1882), 86 Ind. 516; *Fitzgerald, Trustee,* v. *Goff* (1884), 99 Ind. 28. The only authority cited as supporting the court's action in this respect is an early Mississippi case, which is in disagreement with a later case from the same state. *Baker* v. *State* (1903), 82 Miss. 84, 33 So. 716.

The judgment is reversed with instructions to sustain the motion for a new trial.