WILLOUGHBY v. STATE OF INDIANA.

[No. 30,563. Filed February 28, 1966.]

*Lewis Davis, Charles Symmes,* and *John A. Carson,* all of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Carl E. Van Dorn,* Assistant Attorney General, for appellee.

RAKESTRAW, J.—The appellant was charged with and convicted of armed robbery. The sole specification of error on appeal is the overruling of appellant's motion for a new trial. The motion for a new trial contains two grounds which are relied on by the appellant as reversible error. These are as follows:

"3. The verdict of the jury is not sustained by sufficient evidence.

4. The verdict of the jury is contrary to law in the following particulars, to-wit:

The verdict of the jury shows on its face that the age of the defendant was not determined by the jury in spite of the fact that the statute under which the criminal charge was brought specifies that the defendant must be 'over the age of sixteen (16) years.' "

These issues will be dealt with in the order raised.

The evidence is unquestioned that on the early Sunday morning of March 16, 1961, a tavern known as Vera and Marie's Tavern, located in the city of Indianapolis, was robbed by three men carrying guns. Two of the men were wearing silk stockings on their faces and the third was wearing a stocking cap with holes in it. Two of the state's witnesses admitted their part in the robbery and implicated the appellant together with two others. The testimony was that the appellant conceived the idea of robbing the tavern; that preparations were made including the securing of guns and the sawing off of a shotgun in which preparations the appellant participated; that the appellant remained in the automobile because he was known in the tavern and stayed behind the wheel of the automobile with the engine running while the robbery occurred, and that the appellant later participated with the others in the division of the money obtained in the robbery.

Two of the men implicated in the robbery (both of whom had been previously convicted of this robbery) denied various aspects of the story given by the two state's witnesses. In addition, several other witnesses testified that they had heard one or the other of the state's witnesses make threats to "get" the defendant or made statements that they had to give the police a statement because they had families to support.

The appellant in his brief does not point out any respect in which there is a lack of evidence on any material issue.

Neither does he cite any authority. He merely states that there is obviously a conflict in the testimony; and he argues that the proof does not meet a sufficiently high standard.

Since there is direct evidence supporting every element of the crime charged, the only way in which the verdict can be questioned as to the sufficiency of the evidence is ■ to question the credibility of the witnesses. This is in essence the question raised by the appellant in his brief. However, the credibility of the witnesses is a matter for the jury to determine. This court does not determine credibility of witnesses, dictate what evidence should or should not be believed by a jury, or weigh conflicting evidence. *Epps v. State* (1963), 244 Ind. 515, 192 N. E. 2d 459; *Myers v. State* (1960), 240 Ind. 641, 168 N. E. 2d 220.

The second ground relied upon by the appellant for reversal of his conviction has to do with the final sentence of the jury verdict. The pertinent portion of the final sentence reads as follows:

"And we find that the defendant's age is undetermined."
The Armed Robbery Statute, Burns' Ind. Stat. Anno. § 10-4709 (1965 Supp.), reads in part as follows:

"Any person who being over sixteen [16] years of age, commits or attempts to commit . . ."

It has been held that being over 16 years of age is an element of the offense which it is necessary for the state to allege and prove. *Watson v. State* (1957), 236 Ind. ■ 329, 140 N. E. 2d 109. In that case there was no evidence of defendant's age, and the defendant did not testify.

Here, however, there were two items of evidence relating to the appellant's age. A police officer testified that five days after the alleged robbery, the appellant told him that he was 22 years of age. In addition, one of the state's witnesses who was an accomplice testified that he did not know the appellant's exact age but that the appellant was in his twenties.

The indictment or affidavit may be considered to determine the meaning of a verdict of guilty. It is presumed to mean that the defendant is guilty of the offense charged in the affidavit or indictment, and any additional statements will be considered surplusage. *Switzer* v. *State* (1937), 211 Ind. 690, 8 N. E. 2d 80; *Page* v. *State* (1923), 193 Ind. 442, 139 N. E. 143. The affidavit charging the defendant alleged that he was over the age of 16 years. There was evidence indicating that the defendant was over 16 years of age. Thus the verdict of the jury finding the defendant guilty of "robbery while armed as charged in the affidavit" implies a finding by the jury that the defendant was over 16 years of age.

It is true that the jury did state in the last sentence of its verdict that they found the defendant's age undetermined. However, an examination of the record indicates that in its final instructions, the court instructed the jury that they should find the appellant's age if it could be determined, and the court went on to say if the appellant's age could not be determined, the verdict should so state. The court submitted to the jury four different verdict forms which required a finding as to age and instructed the jury each time that if they could not determine his age from the evidence they should state that his age could not be determined. The court was obviously attempting to comply with the indeterminate sentence law and secure the age of the defendant for purposes of sentencing if the defendant should be found guilty of some offense providing for an indeterminate sentence. The age of a defendant for this purpose does not go to the validity of a verdict or finding. *Colip* v. *State* (1899), 153 Ind. 584, 55 N. E. 739.

We are unable to see any basic inconsistency in the jury finding the defendant to be over 16 years of age and yet finding that the defendant's age was undetermined. An examination of the record in this cause indicates that that is exactly the finding that should have been made.

Under point 3 of his brief, the appellant tries to raise the question of the competency of his trial counsel. He does not point out any respect in which his trial counsel was incompetent or any particular way in which he was harmed. He makes no real argument and cites no authority. Hence, if there is any error in respect to the competency of his trial counsel, it is waived. *Wright* v. *State* (1958), 237 Ind. 593, 147 N. E. 2d 551.

Furthermore, a general examination of the transcript fails to reveal in any way that the appellant's trial counsel was inadequate or that the appellant was in any way prejudiced by any questions raised.

The judgment of the trial court is affirmed.

Myers, C. J. and Arterburn, J., concur. Jackson, J., concurs in the result. Achor, J., not participating.

NOTE.—Reported in 214 N. E. 2d 169.