446 P.2d 4

**STATE of Arizona, Appellee,**

v.

**Arden Lee SMITH, Appellant.**

**No. 1755.**

Supreme Court of Arizona.

In Banc.

Oct. 2, 1968.

Darrell F. Smith, then Atty. Gen., Carl Waag, Asst. Atty. Gen., for appellee.

Gerald A. Machmer, Ray A. Taylor, Phoenix, for appellant.

McFARLAND, Chief Justice:

Defendant, Arden Lee Smith, was convicted and sentenced for the crime of Burglary by Mechanical Means under A.R.S. § 13–303. From this conviction and sentence defendant has appealed.

On the morning of March 8, 1966, Officers William Gruzinski and Raymond Klies proceeded to Wesley's Jewelry located at 80 West 5th Avenue in Scottsdale where a silent burglar alarm had been tripped. One of the officers went around the building, and climbed upon the roof and there observed Dwight Palmer who was attempting to exit from a hole in the roof. Upon the command of "Halt," Palmer disappeared into the building. He thereafter was able to leave the store through a window he had broken; but was apprehended as he was climbing over a fence between the front of the building and the street. While Palmer was being apprehended, defendant attempted to exit from the same hole in the roof, and shortly thereafter he was apprehended after being ordered out of the building by the officers.

The police found in the interior of Wesley's Jewelry Store several crow bars and sledge hammers which were apparently used by defendant and Palmer in their attempt to open the safe located therein. The State introduced in evidence a picture of the door of the safe which the owner testified showed marks which were not on the door when he had locked up the evening before, which was evidence from which the jury could have found that an attempt had been made to open the safe.

Defendant first contends that A.R.S. § 13–303 is unconstitutional for the reason that the language used therein is vague and indefinite. Similar questions in regard to the constitutionality of this act were presented in the companion case of State of Arizona v. Edwards, 103 Ariz. 487, 446 P.2d 1, filed in this Court on a certification from the Superior Court of Navajo County. However, the arguments presented in the instant case are somewhat different and broader than the questions presented in the Edwards case, supra, and for this reason we will set forth our answers to the questions presented.

The pertinent part of A.R.S. § 13–303 appears as follows:

"A person who, with felonious intent, enters a buildnig or other structure, and by use * * * of any mechanical device or contrivance whatsoever, opens or attempts to open a vault, safe or other secure place designed for safe keeping of money or other valuable property, is guilty of burglary by means of mechanical devices, * * *."

The particular words which defendant contends are vague and indefinite are those relating to the opening or attempting to "open a vault, safe or other secure place"

by use of "any mechanical device or contrivance whatsoever"; that the words "mechanical device and contrivance" are so vague and indefinite that men of common intelligence must necessarily guess at their meanings and therefore differ as to their application.

In order to support a conviction under § 13–303, A.R.S., the State must prove that (1) defendant with felonious intent entered a building or structure, and (2) defendant *opened or attempted to open* a vault, safe, or other place of safekeeping of valuables with one of the devices covered by the statute.

Defendant cites the Arizona Supreme Court, in State v. Locks, 97 Ariz. 148, 397 P.2d 949 (1964), in which the standard for determining the vagueness or certainty of the criminal statute is set forth as follows:

> " * * * The crime and the elements constituting it must be so clearly expressed that the ordinary person can intelligently choose in advance what course it is *lawful* for him to pursue. * * * " [Emphasis added.]

The same principle has been presented in cases in other states in regard to "possession of burglary tools" statutes. The constitutionality of such statutes has been upheld where no definition of burglary tools is provided in the statute. Mahar v. Lainson, 247 Iowa 297, 72 N.W.2d 516.

The court observed in the Mahar case, supra, that it could not say that any particular tool or set of tools is so generally and exclusively known as burglar's tools that the common mind must picture the same upon the bare utterance of the expression, and without further description. The court said:

> " * * * It is undoubtedly true that any one of possible thousands of tools may be used by a burglar in the prosecution of his marauding expeditions. * * * any tools * * * *which may be used by the possessor thereof to enable him to commit the crime of burglary, will be sufficient to satisfy the primary requirement* of the statute. (Emphasis added.) * * * "

The constitutionality of a Kansas statute, K.S.A. 21–2437, was attacked in the case of State v. Hart, 200 Kan. 153, 434 P.2d 999. The applicable part of the statute is as follows:

> "That any person * * * who knowingly has in his custody or concealed about his person, any instrument *or any other mechanical devices whatsoever* * * * designed or commonly used for breaking into any vault, safe, * * * shall be guilty of a felony, * * * " [Emphasis added.]

The Supreme Court of Kansas upheld the statute's constitutionality, saying, in part:

> " * * * It need not appear that the tools or implements were originally made for an unlawful purpose if they are suitable, through design or construction, to be used for the unlawful purpose of committing burglary—* * *."

The foregoing is expressive of this Court's view of the law; whether or not an object is a "mechanical device or contrivance" under A.R.S. § 13–303, or a "burglar's tool" under possession-of-burglary-tools statutes depends on the use to which the object is put. The tools or implements which were found in the building were of the kind that could be used for a lawful purpose; but without question, they were of such a nature that the jury could have found that an attempt was made to open the safe by their use. We therefore hold that A.R.S. § 13–303 is constitutional.

Defendant next contends that the sentence imposed constitutes cruel and unusual punishment. We have repeatedly held that the imposition of a sentence which is within the statutory limit does not constitute cruel and unusual punishment if the statute prescribing the punishment for such offense is constitutional. State v. Howland, 103 Ariz. 250, 439 P.2d 821.

Defendant further contends that the sentence imposed—not less than eighteen

 

years nor more than twenty years in the State penitentiary—is excessive and should therefore be reduced under A.R.S. § 13–1717. In State v. Valenzuela, 98 Ariz. 189, 194, 403 P.2d 286, we said:

"We have stated many times that this power to revise and reduce sentences imposed by the trial court should be used with great caution and exercised only when it clearly appears a sentence is too severe."

Neither has defendant presented to this Court, nor have we found by our own inquiry, any facts which would justify a reduction of sentence.

Judgment of the trial court is affirmed.

UDALL, V. C. J., and STRUCKMEYER, BERNSTEIN and LOCKWOOD, JJ., concur.