## LARRY STOTTS *v.* STATE OF INDIANA.

[No. 1269S302. Filed August 4, 1971. Rehearing denied October 21, 1971.]

*Frank E. Spencer,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *J. Frank Hanley,* Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal by Larry Stotts from a conviction for safe burglary pursuant to IC 1971, 35-1-61-1, (Ind. Ann. Stat. § 10-702a [1956 Repl.]). Appellant was charged by indictment and pleaded not guilty. Trial was held by jury in Marion Criminal Court, and appellant was sentenced to the Indiana Reformatory for not less than five (5) nor more than ten (10) years.

Appellant does not assert that the evidence was insufficient to support the verdict of the jury. Appellant claims the statute

attempting to define safe burglary contains two separate offenses and that he was not charged with safe burglary, as found by the jury, but with the second offense allegedly contained in the statute. Appellant next contends that the statute is unconstitutionally vague and contains an unconstitutionally arbitrary classification. His last contention is that the indictment was defective for failure to state the time at which the offense occurred, claiming this to be an essential element of the crime.

We cannot agree with appellant's first contention that the statute contains two distinct offenses. The statute in question IC 1971, 35-1-61-1, (Ind. Ann. Stat. § 10-702a [1956 Repl.]) is as follows:

"Any person who, with intent to commit a felony, breaks into and enters, either by day or night, any building, whether inhabited or not, and who unlawfully, maliciously or forcibly, with the aid and use of any instrument, device or explosive, blows, or attempts to blow, or who forces or attempts to force, an entrance into a safe, vault or depository box wherein is contained any money or thing of value, or whoever unlawfully takes, steals, carries, moves or attempts to unlawfully take, steal, carry or move any safe, vault or depository box wherein is contained any money or thing of value, shall upon conviction be imprisoned for an indeterminate period of not less than five (5) nor more than ten (10) years, . . ."

Appellant's alleged dichotomy would be as follows:

A. An intent to commit a felony;
B. A breaking into and entering;
C. By day or night;
D. A building, whether inhabited or not;
E. Then either:
    1. Blowing or attempting to blow an entrance into a safe, vault or depository box; with any device or explosive, or,
    2. Forcing or attempting to force an entrance into a safe, vault or depository box;
F. The safe, vault or depository box containing any money or thing of value.

Elements of the alleged second offense:

   A.  The taking, stealing, carrying, or moving, or attempting to take, steal, carry or move any safe, vault, or depository box,

   B.  Containing any money or thing of value.

Appellant contends that only the first offense amounts to "safe burglary" and that the second offense in the statute is "the taking, stealing, carrying, or moving of a safe." He further contends that he was charged with the second offense making the verdict of guilty of safe burglary contrary to law. We cannot agree with appellant's construction of the statute. We feel the statute should be construed as follows:

I.  Burglary Elements:
   A.  Breaking and entering
   B.  By day or night
   C.  Any building
   D.  Inhabited or not
   E.  With intent to commit a felony

And:

II.  Elements Concerning the safe:
   Either:
   A.  Entrance or attempted entrance into safe by one of two methods:
      1.  Blowing or attempting to blow an entrance into a safe, vault or depository box containing any money or thing of value, or,
      2.  Forcing or attempting to force an entrance into a safe, vault, or depository box containing any money or thing of value

   Or:

   B.  Carrying off the safe:
      Unlawful taking, stealing, carrying, moving, or attempting to unlawfully take, steal, carry, or move any safe, vault or depository box containing any money or thing of value

The classic burglary elements, must *always* be present, and in addition there must also be either an attempted entrance of some kind into a safe, or the unlawful taking of the safe. Thus, there are alternative methods of safe burglary, but there clearly is only one offense. There must first be the breaking and entering, etc. with intent to commit a felony and then either the attempt at entrance into the safe, or the unlawful taking of the safe. There is no offense of merely unlawfully taking, stealing, carrying, or moving a safe. The indictment itself read,

". . . Robbie Bonds and Larry Stotts on or about the 14th day of December, A.D. 1967, . . . did then and there unlawfully, feloniously and burglariously break and enter into the building and structure of William McGraw, d/b/a Shindig Tavern, . . . with the intent to commit a felony therein, to wit: to unlawfully, feloniously and knowingly obtain and exert unauthorized control over property of the said William McGraw, d/b/a Shindig Tavern, to deprive the said William McGraw, d/b/a Shindig Tavern, permanently of the use and benefit of said property and did then and there unlawfully, maliciously, take, steal, carry and move a safe which was then and there situated in said building, and which safe contained Money in the sum of Five Hundred Dollars and 00/100 ($500.00), said money being the property of William McGraw, d/b/a Shindig Tavern, then and there being contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

From this we see that appellant was charged in the indictment in accordance with our construction of the statute. If there might be some small ambiguity in the jury's verdict, guilty of "safe burglary," we can assume he was found guilty of the offense charged in the indictment. *Willoughby* v. *State* (1966), 247 Ind. 210, 214 N. E. 2d 169; *Switzer* v. *State* (1937), 211 Ind. 690, 8 N. E. 2d 690; *Leinberger* v. *State* (1933), 204 Ind. 311, 183 N. E. 798. Clearly this is an action which the legislature meant to be proscribed by the statute. A reasonable construction should be given to the statute in order to effectuate that intent. There is only one offense

embodied within the statute, and appellant was charged and convicted of that offense. The verdict was not contrary to law.

Appellant's next contention of error is that the statute in question is unconstitutionally vague and creates a classification which is completely arbitrary and unreasonable. Appellant asserts several grounds for his claim, which pertain to both the vagueness issue and the alleged arbitrary classification. He first claims that ownership of the safe and ownership of the money are not elements of the offense. However, the statute requires a felonious intent and an unlawful taking which clearly indicate the owner must be other than the accused. Appellant contends location of the safe prior to the action of the accused is not an element, and there is no requirement that the taking be before, during, or after the entry. However, the statute indicates the entry into or carrying off of the safe must be in conjunction with the breaking and entering; that alone is sufficiently definite. Appellant lastly contends knowledge that there is money in the safe is not an element. We agree, but the accused must have a felonious intent and there must, in fact, be money or valuables in the safe. This does not seem an arbitrary classification.

A penal statute is sufficiently certain if the offense is defined so that a person of ordinary intelligence can perceive the wrong intended to be prohibited. *Smith* v. *State* (1917), 186 Ind. 252, 115 N. E. 943.

". . . [L]ack of precision is not itself offensive to the requirements of due process. '. . . [T]he Constitution does not require impossible standards'; all that is required is that the language 'conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices . . .' *United States* v. *Petrillo* (1946), 332 U. S. 1, 7-8." *Roth* v. *United States* (1957), 354 U. S. 476, 491.

We think that anyone of ordinary intelligence, after reading the statute in question, could readily understand what conduct was intended to be proscribed. Somewhat similar statutes have

been upheld in other jurisdictions, and the basis has been that they gave fair notice of the action to be proscribed. *State* v. *Smith* (1968), 103 Ariz. 490, 446 P. 2d 4 held the following Arizona statute, A.R.S. § 13-303, not to be unconstitutionally vague:

> "A person who, with felonious intent, enters a building or other structure, and by use . . . of any mechanical device or contrivance whatsoever, opens or attempts to open a vault, safe or other secure place designed for safe keeping of money or other valuable property, is guilty of burglary by means of mechanical devices . . ."

In *Dean* v. *State of North Carolina* (1967), 269 F. Supp. 986, the following North Carolina statute, G.S.N.C. § 14-57, was held not to be unconstitutionally vague:

> "Any person who, with intent to commit any felony or larceny therein, breaks and enters, either by day or by night, any building, whether inhabited or not, and opens or attempts to open any vault, safe, or other secure place by use of nytroglycerine, dynamite, gunpowder, or any other explosive, or acetylene torch, shall be deemed guilty of burglary with explosives . . ."

If the intent of the legislature can be ascertained, an enactment of the legislature will not be nullified by the court because the language used is indefinite in some particular. ■ *Hunt* v. *State* (1924), 195 Ind. 585, 146 N. E. 329. Under the Indiana safe burglary statute, an accused is reasonably apprised of that action proscribed by the statute, and the intent of the legislature is clear.

A classification made by the legislature will be sustained unless it is so manifestly arbitrary that it leaves no ■ grounds upon which reasonable minds could differ. *Martin* v. *Loula* (1935), 208 Ind. 346, 194 N. E. 178, reh. 195 N. E. 881.

". . . [I]t is the duty of this court to sustain the constitutionality of an act of the legislature if it can be done by

reasonable construction. Any doubt concerning the constitutionality of an act must be resolved in favor of its validity." *Fairchild* v. *Schanke* (1953), 232 Ind. 480, 483, 113 N. E. 2d 159, 161.

The classification must be reasonable and there must be a justification for establishing the class. *Bedford Quarries Co.* v. *Bough* (1907), 168 Ind. 671, 80 N. E. 529. In the instant case, appellant's assertions of an unreasonable classification are unfounded. The statute, when given a reasonable construction, includes within its bounds only those actions which are wrongful and legislatively intended to be proscribed. It provides punishment only for those who break and enter with a felonious intent and who then unlawfully break into or carry off a safe, or attempt to unlawfully break into or carry off a safe. There is no doubt that the establishment of such a classification is justified. Even if it were possible, under some strained construction of the statute, to argue that some innocent acts might be included within the classification set out by the statute, this alone would not be sufficient to invalidate the statute; the arbitrariness of the classification must be manifestly clear. In this instance, the safe burglary statute clearly contains no unreasonable or arbitrary classification.

Appellant's entire argument concerning the constitutionality of this statute is an ingenious exercise in semantic construction which is indeed provocative. However, under any construction of the statute, appellant's actions are among those intended to be proscribed. When given a reasonable construction, the statute certainly gives fair notice of the action to be proscribed and in no way constitutes an arbitrary or unreasonable classification.

Appellant's final contention is that an essential element of the crime, namely the time of the offense, was not contained in the indictment. IC 1971, 35-1-23-10, (Ind. Ann. Stat. § 9-1106 [1956 Repl.]) states:

"The precise time of the commission of an offense need not be stated in the indictment or affidavit, but is sufficient if shown to have been within the statute of limitations except where time is an indispensible ingredient in the offense; . . ."

IC 1971, 35-1-23-26 (Ind. Ann. Stat. § 9-1127 [1956 Repl.]) relating to immaterial defects says:

"No indictment or affidavit shall be deemed invalid, nor shall the same be set aside or quashed, nor shall the trial, judgment or other proceeding, be stayed, arrest or in any manner affected for any of the following defects: . . .

Eighth. For omitting to state the time at which the offense was committed, in any case in which time is not the essence of the offense, or for stating the time imperfectly, unless time is of the essence of the offense."

The indictment in question states only the date on which the offense occurred. The statute concerning safe burglary says the action is proscribed if it occurs "either by day or night." This language was included to distinguish this element of the offense from the element of the common law crime of burglary which said the offense could only occur at night. Thus, the purpose of this language is to indicate that the time of day at which the offense occurred is immaterial. This being so, time of day is not an essential element of the crime, and the indictment is not invalid for failure to state the time therein.

For all the foregoing reasons the verdict of the trial court is affirmed.

Arterburn, C.J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 271 N. E. 2d 722.

OPINION DENYING PETITION FOR REHEARING

HUNTER, J.—In his petition for rehearing, appellant contends this Court has contravened a ruling precedent of this

Court established in *Strickland* v. *State* (1940), 217 Ind. 588, 29 N. E. 2d 950. He asserts this case stands for the proposition that wording such as that contained in the safe burglary statute, IC 1971, 35-1-61-1 (Ind. Ann. Stat. § 10-702a [1956 Repl.]), must define two separate offenses. However, *Strickland* involves the separate and distinct offenses of forgery and uttering a forged instrument. See IC 35-1-124-1 (Ind. Ann. Stat. § 10-2102 [1956 Repl.]). Upon reading the forgery statute it is cogently clear that it cannot stand for the proposition appellant asserts. The first part of the statute which defines forgery specifies numerous different methods of committing forgery and they are stated in the disjunctive. So too in our construction of the safe burglary statute, there are different methods of committing the same offense stated in the disjunctive. The fact that the forgery statute also goes on to define another offense of uttering a forged instrument (also containing different methods of commission stated in the disjunctive) is of no consequence. Therefore, this petition for rehearing must be denied.

Petition denied.

Arterburn, C.J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 274 N. E. 2d 238.