**William James BREWER, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 678S118.

Supreme Court of Indiana.

June 18, 1979.

Keith A. Dilworth, Richmond, for appellant.

Theo. L. Sendak, Atty. Gen., Gordon E. White, Jr., Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Judge.

On February 8, 1978, after a jury trial in Wayne Circuit Court, appellant Brewer was found guilty of committing a felony while armed. He received a sentence of fifteen years imprisonment. The crime in question is the robbery of "Mr. Pizza" in Richmond, Indiana, on March 24, 1975.

Three errors are alleged in this appeal: (1) whether the trial court erred in denying appellant's motion for change of venue from the county; (2) whether the trial court erred in admitting into evidence certain in-custody statements made by appellant to a police officer; and (3) whether the evidence is sufficient to sustain the conviction.

The facts pertinent to disposition of this appeal are as follows. On March 24, 1975, appellant and another man entered "Mr. Pizza" in Richmond and ordered a pizza and two cokes from Everett Hunter, who was working there at the time. The appellant wore a nylon stocking on his head, pulled down just above the eyebrows; the other man wore dark glasses. Mr. Hunter made the pizza and placed the cokes on the counter. The subject wearing dark glasses produced a gun, pointed it at Mr. Hunter, and said nothing. Appellant pulled the stocking down over his face. Mr. Hunter stepped back and appellant and the other man reached over the counter into the cash drawer, taking approximately two hundred dollars. Both men then turned and walked out.

On April 22, 1975, Mr. Hunter saw appellant enter "Mr. Pizza" again. Mr. Hunter called the police, who apprehended appellant. Mr. Hunter then went to police headquarters and, after examining a series of pictures, identified appellant as one of the men who had robbed him. Appellant was then placed under arrest.

At appellant's first trial, the jury was unable to reach a verdict and a mistrial was declared. Before the cause was called for trial a second time, appellant moved for a change of venue from the county. This motion was denied. Appellant's motion to suppress the oral statements made to a police officer was also denied by the trial court.

I.

Appellant first challenges the trial court's denial of his motion for change of venue. According to his motion, his reasons for desiring a change of venue were as follows:

"1. That the defendant has had trouble in the Wayne County Jail since his incarceration in December of 1977.

2. That the defendant feels that Richmond, Indiana is one big family that will not give him a fair second trial.

3. That this trial is the second trial on the same charges; the first trial ending in a jury that was unable to reach a decision.

4. That the trouble in the Wayne County Jail is of recent origin and was not known, nor could it have been discovered with due diligence by the defendant within the time allotted for filing a motion for a change of venue.

5. That as a result of the said trouble in the jail the information in paragraphs two and three becomes critical and would prevent the defendant from receiving a fair trial in Wayne County, Indiana."

Record at 117.

The burden is on the defendant to produce evidence of community bias sufficient to convince the trial judge that he cannot receive a fair trial in that particular county. *Daniels v. State*, (1976) 264 Ind. 490, 493, 346 N.E.2d 566, 568; *Dickens v. State*, (1973) 260 Ind. 284, 288, 295 N.E.2d 613, 616. At the hearing on appellant's motion, his testimony was basically a reiteration of that motion:

*Mr. Dilworth*: Now, William, would you tell the Judge what kind of trouble you've had at the jail that's caused you to feel you're unable to get a fair trial?

*Brewer*: Well, Your Honor, the trouble that I had in the Wayne County Jail has ceased, has ceased now but in the beginning, I was getting a fair, a fair treatment and [sic] incident occurred there and I don't think it was fair and I

feel as though that everybody in Richmond knows each other and the jury will probably know some of the people that work at the Wayne County Jail and I would just like to have a change of venue if any way possible for my own, my best interests, I would say.

*Mr. Dilworth*: William, is there any other reason other than what you've just told the Judge here that you feel that you wouldn't get a fair trial here in Richmond?

*Brewer*: Yes, there is. I think you are the same Judge that I—last time I was in Court, I think you're the same Judge and I fail to appear in Court due to the fact I didn't have funds to hire my own attorney which I told you I was going to hire my own attorney, that I didn't want to go to court with a state appointed attorney and that's just I guess because I'm facing so much time. I don't feel I'll get a fair trial. That's probably the reason because I'm facing as much time as I'm facing which might be relevant, which might not even make sence [sic] to you, you know, but to me, it's the way I feel.

*Mr. Dilworth*: I have nothing further, Your Honor.

*The Court*: Mr. Van Middlesworth?

*Mr. Van Middlesworth*: I have nothing other than I have not understood the grounds for the change of venue.

*The Court*: Well, I guess what we're dealing with now is, do you have any questions you want to ask the witness and then we'll hear argument.

*Mr. Van Middlesworth*: No, Your Honor.

*The Court*: You may stand down. Oh, let me ask you, as I understand it, this matter in the jail, there's nothing specific as far as that which would lead you to believe that anyone on the outside who might end up on this jury would have any knowledge of it, other than you feel Richmond is a close-knit community and therefore there's the chance that somebody who might end up on the jury may have heard about the incident or know somebody at the

jail, is that what you're saying basically?

*Brewer*: Basically that's what I'm saying, Your Honor.

\* \* \* \* \* \*

*The Court*: Well, based upon what's been presented to me, it would appear that any need to protect the defendant can be accomplished by the jury selection process and although this is a serious case, I think when the jury is selected, if there's any problem as far as knowledge of any prior proceedings in this matter, otherwise we can get to that so that in fact a fair trial does occur. So I don't believe there's been sufficient showing to permit the Court to grant a change of venue and therefore that motion is denied.

Record at 484–89.

■ In spite of the trial court's suggestion that community bias could be discovered in the jury selection process, it appears that appellant did not raise the question further by challenging the jurors either for cause or peremptorily, and that appellant did, in fact, accept the jury. Thus, under *Morris v. State*, (1977) 266 Ind. 473, 475, 364 N.E.2d 132, 135, "no question is presented to this court on this issue." *See Grooms v. State*, (1978) Ind., 379 N.E.2d 458. Even if appellant did use the processes available to him for discovering jurors who were not impartial, he has failed to present a sufficient record of evidence of such alleged partiality. Consequently, any alleged error on this subject is not available for review by this court. *Morris v. State, supra; State v. Irvin*, (1973) 259 Ind. 610, 291 N.E.2d 70.

## II.

Defendant next argues that the trial court erred in admitting into evidence statements made by the appellant to the police. Appellant contends that he was not informed by the interrogating officer that he was under arrest for armed robbery, and that the statements he subsequently made were therefore involuntary and inadmissible.

■ The question of the admissibility of incriminating statements is largely to be controlled by determining from the totality of the circumstances, whether the statements were made voluntarily. *Arch v. State,* (1978) Ind., 381 N.E.2d 465, 468; *Richardson v. State,* (1978) Ind., 373 N.E.2d 874, 875. In this case, the interrogating officer read to appellant his rights and the waiver form, and appellant signed a waiver of rights form prior to making the statement. This occurred less than one hour after he was taken into custody. The interrogating officer testified that appellant appeared normal during this time. Furthermore, the officer told appellant that he might be charged with armed robbery if he were identified by the victim. We think this statement fully complies with Ind. Code § 35-5-5-2 (Burns 1979), which provides in part:

> "The trial judge in determining the issue of voluntariness shall take into consideration all the circumstances surrounding the giving of the confession, including but not limited to . . . (2) whether [the] defendant knew the nature of the offense with which he was charged or of which he was suspected at the time of making the confession . . . ."

In addition, whether or not this statement by the officer was sufficient under this section of the statute, the presence or absence of any of the factors listed there is not conclusive on the issue of voluntariness. Other circumstances to be considered include whether the self-incriminating statement "was freely self-determined, the product of a rational intellect and free will, without compulsion or inducement of any sort, and whether the accused's will was overborne." *Murphy v. State,* (1977) 267 Ind. 184, 190, 191, 369 N.E.2d 411, 414. *See Johnson v. State,* (1968) 250 Ind. 283, 235 N.E.2d 688.

■ While the State at trial was required to prove the voluntariness of appellant's statement beyond a reasonable doubt, we review the question on appeal as we do other sufficiency matters. We do not weigh the evidence, but rather determine whether there was substantial probative evidence to support the trial court's finding. *Arch v. State,* (1978) Ind., 381 N.E.2d 465, 468; *Murphy v. State,* (1977) 267 Ind. 184, 191, 369 N.E.2d 411, 414. We think the evidence presented on this issue in this case was substantial and supports the trial court's determination that appellant's statements were voluntarily made.

### III.

Appellant next challenges the sufficiency of the evidence and presents two arguments in support of this issue. First, appellant claims that there was no evidence of his age and that there should have been a specific finding by the jury of appellant's age. The statute under which appellant was convicted, Ind.Code (Burns 1975) § 35-12-1-1, speaks of "[a]ny person . . . over sixteen [16] years of age . . . ." Under this section, age is an element necessary to be alleged and proved to sustain a conviction. *McGowan v. State* (1977) Ind., 366 N.E.2d 1164; *Robbins v. State,* (1971) 257 Ind. 273, 274 N.E.2d 255.

■ It should be noted that appellant himself testified on direct examination in his case-in-chief that he was twenty-eight years of age at the time of trial, which took place approximately three years after the robbery occurred. Obviously there was ample evidence from which the jury could have found that appellant was over sixteen years of age. However, appellant also argues that the jury should be required to find the element of age specifically in its verdict. This is an incorrect assessment of Indiana law.

In *Willoughby v. State,* (1966) 247 Ind. 210, 214 N.E.2d 169, the affidavit charging the defendant alleged that he was over sixteen years of age. Evidence was also presented indicating that the defendant was over sixteen years of age. This Court held that the jury verdict, which found the defendant guilty of "[R]obbery while armed as charged in the affidavit" implied a finding by the jury that the defendant met the statutory age limit.

Likewise, in the present case, the information alleges that appellant was over six-

teen years of age. Appellant himself testified that he was twenty-eight years of age at the time of trial, which was approximately three years after the robbery. The jury verdict found the appellant "Guilty as charged in the information." As in *Willoughby, supra*, this implies a finding that appellant's age was greater than the statutory minimum. While there must be evidence of defendant's age, the jury is not required to state specifically in its verdict that it has found that the defendant is over sixteen years of age.

Secondly, appellant argues that there was insufficient evidence to support his conviction. In determining this question, this court does not weigh the evidence, but rather looks to the evidence most favorable to the state and the reasonable inferences to be drawn from that evidence. If there is substantial evidence of probative value to support the conclusion of the trier of fact, that conclusion will not be overturned. *Bryant v. State*, (1978) Ind., 376 N.E.2d 1123, 1126. *See Ruetz v. State*, (1978), Ind., 373 N.E.2d 152, 156. In the present case, appellant was identified by the victim and his wife one month after the robbery occurred, when appellant entered "Mr. Pizza" for a second time. The victim subsequently identified appellant from a series of photographs shown to them by the police, and also identified him as the perpetrator at trial. Clearly the record reveals more than sufficient evidence to support appellant's conviction.

AFFIRMED.

All Justices concur.