ROGER DONALD SAMUELS *v.* STATE OF INDIANA.

[No. 1-573A80.  Filed April 3, 1974.]

658

*Harriette Bailey Conn* [*Mrs.*], Public Defender of Indiana, *John Gerbracht*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *Henry O. Sitler*, Deputy Attorney General, for appellee.

ROBERTSON, P.J.—The defendant-appellant (Samuels) is appealing his conviction, after a jury trial, of Conspiracy to Commit a Felony. Samuels overruled motion to correct errors raises these three issues:

1. Was the jury verdict supported by sufficient evidence upon all elements of the alleged offense;

2. Was it error to admit a witness' testimony identifying goods stolen from her residence and found in Samuels' car; and

3. Did the trial court err in giving an instruction alleged by Samuels as defining "aiding and abetting"?

We are of the opinion that none of the issues raised presents error.

## ISSUE ONE

On a review of the sufficiency of the evidence in a criminal case this court neither weighs the evidence or determines the credibility of the witnesses. In order to determine if a conviction is supported by substantial evidence of probative value the evidence most favorable to the State, as well as all reasonable inferences to be drawn there-

from, will be considered. *Asher* v. *State* (1969), 253 Ind. 25, 244 N.E.2d 89.

Prior to a review of the evidence it should be noted that the essential elements of the offense charged are a (1) uniting or combining, (2) with another person or persons, (3) for the purpose of committing a felony, (4) within or without this state. IC 1971, 35-1-111-1, Ind. Ann. Stat. § 10-1101 (Burns 1956). See, generally: *Shelton* v. *State* (1972), 259 Ind. 559, 290 N.E.2d 47.

The facts reveal that Samuels approached the residence of Mrs. Garnet June Bedwell (Bedwell) and knocked on the front door of the house. Bedwell, who was in the house with her grandson, observed Samuels from inside but for a reason unknown, she determined not to answer the knocking. Samuels then walked to the rear of the house and knocked loudly on the back door. After receiving no response Samuels then returned to a car being driven by Donald Dickey. The yellow car then backed down the Bedwell driveway and into a nearby roadside rest area close by the Bedwell home. Leaving the car Samuels returned and again knocked loudly. Still receiving no answer Samuels proceeded to the west side of the house and broke a window. Bedwell, standing near the broken window, yelled resulting in Samuels fleeing. Shortly thereafter Dickey, driving the yellow car, picked up Samuels and fled the scene.

Bedwell called the Sheriff. About two hours later Dickey and Samuels were apprehended nearby in Putnam County. At the time of their arrest it was learned that the yellow Chrysler was a stolen vehicle. Additionally, a quantity of goods found in the car were later determined to have been stolen from the residence of one Inez Myers. Samuels was returned to the Bedwell residence where she identified him as the person who broke the window.

The thrust of Samuels argument directed to this issue is directed at a lack of direct proof upon the elements of uniting

or combining with another person or persons and what felony was intended to be committed.

> Conspiracy may be inferred from acts committed in "an apparent criminal or unlawful purpose". *Gaynor* v. *State* (1966), 247 Ind. 470, 217 N.E.2d 156, and authorities cited therein. Additionally:

> "It is not necessary to prove that the defendants came together and actually agreed in terms to have the unlawful purpose, and to pursue it by common means. If it be proved that the defendants pursued by their acts the same object, often by the same means, one performing one part and another another part of the same so as to complete it with a view to the attainment of that same object, the jury will be justified in the conclusion that they were engaged in a conspiracy to effect that object." (Citing authorities). *Lane* v. *State* (1972), 259 Ind. 468, 288 N.E.2d 258, 261. See also: *Haynes* v. *State* (1973), 155 Ind. App. 472, 293 N.E.2d 204.

In the case at bar, the actions of Samuels and Dickey were such that the existence of a conspiracy to commit theft or burglary could be legally inferred by the trier of fact.

## ISSUE TWO

Inez Myers testified that while she was on vacation a theft occurred at her home. Entry was by way of a broken basement window. The items were taken on the same date as the Bedwell incident. Myers then identified certain exhibits as her property. These exhibits were taken from the yellow Chrysler used by Dickey and Samuels at the time of their arrest. Samuels questions the materiality of Myers testimony on the basis that it shows, or tends to show, the commission of a crime other than the one charged in the instant case.

We believe the following is dispositive of Samuels argument:

> "The general rule in Indiana is that evidence of conduct which shows or tends to show that the defendant committed a crime separate and distinct from the crime for which he is charged is irrelevant and inadmissible. However, several well established exceptions have been recognized. Evidence showing such

separate crimes is admissible if the purpose for its introduction is to show intent, motive, identity, guilty knowledge, or a common scheme or plan. *Van Deveer* v. *State* (1971), 256 Ind. 509, 269 N.E.2d 865; *Zimmerman* v. *State* (1921), 190 Ind. 537, 130 N.E. 235. 'It is the probative value of such evidence to prove the crime charged that makes the evidence admissible and not the fact that it proves or tends to prove the defendant guilty of other crimes.' *Smith* v. *State* (1939), 215 Ind. 629, 21 N.E.2d 709. These rules apply without regard to whether the challenged evidence relates to conduct occurring prior or subsequent to the offense charged. *United States* v. *Hampton* (1972), 7th Cir., 457 F.2d 299, cert. denied, 409 U.S. 856, 93 S.Ct. 136, 34 L.Ed.2d 101; *Grimes* v. *State* (1972), [258] Ind. [257], 280 N.E.2d 575." *Fenwick* v. *State* (1974), 159 Ind. App. 311, 307 N.E. 2d 86, at 89-90. See also: *Olson* v. *State* (1973), Ind. App., 304 N.E.2d 830.

We are of the opinion that the objected to evidence was pertinent to show guilty knowledge as well as a common scheme or plan.

### ISSUE THREE

The trial court gave its Instruction No. 7, which reads:

"I instruct you that it is not essential to the formation of a conspiracy that there should have been any formal agreement between the parties to do the act charged. It is sufficient if the minds of the parties meet understandingly so as to bring about an intelligent and deliberate agreement to do the acts and commit the offense charged, although such agreement be not manifest by any formal words. Concurrence of sentiment and cooperative conduct in an unlawful and criminal enterprise, and not formality of speech, are the essential ingredients of criminal conspiracy. The concurrence of will which is essential to the offense may be proven by direct or circumstantial evidence or both. The fact may be inferred if the parties are apparently pursuing the same object, whether acting separately or together, by common or different means, all leading to the same unlawful result.

"I further instruct you that when two or more persons combine to commit a crime each is criminally responsible for the acts of his confederates committed in the furtherance of the common design. In contemplation of law the act of each is the act of all."

Samuels objected to the second paragraph of Instruction No. 7 on the theory that it instructs on "aiding and abetting" which was not an issue in the instant case. Samuels points out:

"An instruction is fatally defective which directs a jury to return a verdict of guilty upon a finding of facts which may not include the essential facts of the crime charged in the indictment." *Kelley* v. *State* (1936), 210 Ind. 380, 3 N.E.2d 65, at 70.

A comparison of the language contained in the accessory statutes (IC 1971, 35-1-29-1; Ind. Ann. Stat. § 9-102 [Burns 1956] and IC 1971, 35-1-29-3; Ind. Ann. Stat. § 9-103 [Burns 1956]) and the conspiracy statute, Burns § 10-1101, *supra,* discloses that given certain facts, a defendant may aid and abet as well as conspire. For this reason there is a similarity between the two offenses. However, the paragraph singled out by Samuels is not offensive when considered in its proper perspective.

"Instructions are not to be considered separately nor as a distinct and independent proposition of law each complete in itself, but they must be considered as a whole." (Citing authority). *Loftis* v. *State* (1971), 256 Ind. 417, 269 N.E.2d 746, at 748. See also: *Angel* v. *State* (1973), 155 Ind. App. 242, 292 N.E.2d 268; *Sankey* v. *State* (1973), 157 Ind. App. 627, 301 N.E.2d 235.

We are of the opinion that the complained of language does not introduce non-essential elements for the jurys consideration.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 308 N.E.2d 879.