**Danny Lynn STEADMAN,
Appellant-Defendant,**

v.

**STATE of Indiana, Appellee-Plaintiff.**

No. 3–578A133.

Court of Appeals of Indiana,
Third District.

Feb. 26, 1979.

J. David Keckley, South Bend, for appellant-defendant.

Theo. L. Sendak, Atty. Gen., Kenneth R. Stamm, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

STATON, Judge.

Danny Lynn Steadman was charged with conspiracy to commit a felony, to-wit: second degree burglary.[1] A jury found him guilty, and judgment was entered on the verdict. Later, he was sentenced to the Department of Corrections for an indeterminate term of two (2) to fourteen (14) years.

Two contentions of error are raised for our review:

(1) Did the court err in admitting State's exhibit number one into evidence?

(2) Was the evidence sufficient to support the verdict of the trier of fact beyond a reasonable doubt?

We affirm.

I.

### The Conspiracy

On June 1, 1977 South Bend police responded to an audible alarm at Eddy's Food Market. Upon arrival at the back of the market, they observed a man, Danny Lynn Steadman, by the trash dumpster. Steadman was immediately arrested. Two screwdrivers were found within two feet of the place where Steadman was arrested. After Steadman had been placed in a patrol car, a third screwdriver was found within four inches of the patrol car door. Later, the police apprehended Arthur Freel who was inside the market.

At Steadman's trial, police officer Thomas J. Lescz testified that Steadman told him that a man had fled from the market shortly before the police arrived; however, the description of the man fleeing the market changed every time Steadman attempted to describe him. Steadman further told police officer Lescz that he didn't know Freel who had been apprehended inside the market by the police a short time after their arrival. Later, he told police officer Lescz that he didn't want Freel apprehended by the police for the burglary of the market.

Freel pled guilty to second degree burglary before Steadman's trial. At the trial, Freel testified that he and Steadman had been "cruising around" in a friend's car earlier in the evening, and they stopped about a block from the market. Steadman followed Freel down an alley and then sat beside Freel on the roof of the market while Freel removed a two-by-two foot vent to gain entry. Freel told Steadman to stay outside while Freel entered the market. When Freel opened the market door on the ground floor twenty minutes later, he saw Steadman standing outside.

1. IC 1971, 35–1–111–1, Ind.Ann.Stat. § 10–1101 (Burns Code Ed.).

## II.

### Admission of Evidence

Steadman contends that State's exhibit number one was erroneously admitted because it was not material, and its relevancy to the crime of conspiracy to commit a felony was not shown. Exhibit number one was the three screwdrivers found in close proximity to Steadman when he was arrested behind the store and placed in the patrol car.

 Any evidence tending to prove a material fact is admissible, even though its tendency to prove the fact is exceedingly slight. *Elliott v. State* (1972), 258 Ind. 92, 279 N.E.2d 207. Any fact which legitimately tends to connect a defendant with a crime is admissible even if only a reasonable inference may be deduced. *Hill v. State* (1978), Ind., 371 N.E.2d 1303. The test of relevancy is whether the evidence offered renders the desired effect more probable than it would be without the evidence. *Pirtle v. State* (1975), 263 Ind. 16, 323 N.E.2d 634.

 The police found the screwdrivers when arresting Steadman at the scene of the crime. Entry to the market had been made by the removal of a vent on the roof. The screwdrivers tended to connect Steadman to the burglary and were therefore relevant and admissible. It is not required that the connection to the conspiracy be absolute. The absence of a direct link goes only to the weight to be given to the evidence and not to its admissibility. *Bruce v. State* (1978), Ind., 375 N.E.2d 1042; *Swininger v. State* (1976), 265 Ind. 136, 352 N.E.2d 473.

There was no error in the admission of Exhibit number one.

## III.

### Sufficiency of Evidence

Steadman also asserts that the State failed to offer direct evidence as to the existence of an agreement with Freel to commit second degree burglary. He argues that the circumstantial evidence could show only a mere suspicion of his involvement or an opportunity for him to commit the crime; this circumstantial evidence, he concludes, was insufficient to support a logical inference of guilt beyond a reasonable doubt.

 On review of the sufficiency of evidence in a criminal case this Court neither weighs the evidence nor determines the credibility of witnesses. In order to determine if a conviction is supported by substantial evidence of probative value the evidence most favorable to the State, as well as all reasonable inferences to be drawn therefrom, will be considered. *Samuels v. State* (1974), 159 Ind.App. 657, 308 N.E.2d 879. We apply this test whether the evidence is circumstantial or direct. *Ruetz v. State* (1978), Ind., 373 N.E.2d 152, 156; *Knowlton v. State* (1978), Ind.App., 382 N.E.2d 1004.

 As Steadman concedes, a conspiracy may be inferred from acts committed in an apparent criminal purpose and no actual agreement to have an unlawful purpose and to pursue it is necessary. *Gaynor v. State* (1966), 247 Ind. 470, 217 N.E.2d 156; *Samuels v. State* (1974), 159 Ind.App. 657, 308 N.E.2d 879. Thus, the agreement need not be formal nor proven by direct evidence. *Johnson v. State* (1935), 208 Ind. 89, 194 N.E. 619.

The judgment is affirmed.

GARRARD, P. J., and HOFFMAN, J., concur.