Warren S. RHINEHARDT, Appellant,

v.

STATE of Indiana, Appellee.

No. 284S46.

Supreme Court of Indiana.

April 30, 1985.

Walter E. Bravard, Jr., Indianapolis, Ind., for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, Ind., for appellee.

GIVAN, Chief Justice.

The appellant's brief, the State's brief and the cover page on the transcript of record in this cause state that The Honorable John W. Tranberg, the regular judge of Criminal Division I, was the judge in this case. However, an examination of the record clearly shows that The Honorable Ann M. DeLaney was acting as judge pro tempore on the day this case was tried.

Appellant was found guilty by a jury of Attempted Murder, a Class A felony, and Robbery, a Class B felony. He was sentenced by the court to serve concurrent terms of forty (40) years and twenty (20) years respectively.

The record indicates that at approximately 9:20 P.M. on December 9, 1982, Marlene Nolan was walking toward the American Fletcher National Bank branch located in the Washington Square mall in Indianapolis. Nolan, the manager of a shoe store in the mall, had driven across the parking lot to the bank in order to make a night deposit.

As she crossed the traffic lane and approached the bank, appellant stepped off the sidewalk and walked toward her. Appellant bumped into Nolan and grabbed her arm. Declaring that he had a gun, appellant forced Nolan to relinquish her bank deposit bag after a brief struggle.

While appellant was accosting Nolan, she began to scream. Two men in the vicinity heard the screams and responded. One of the men, Timothy Pedro, proceeded toward appellant. Appellant waved a handgun in the air, causing Pedro and Nolan to take evasive action.

Appellant then began running, followed by Pedro. When appellant saw his pursuer, he stopped, extended his arms in the direction of Pedro and discharged his weapon. Turning to resume fleeing, appellant saw an approaching mall security vehicle and surrendered. The security officers who apprehended him found the bank bag and a loaded handgun near appellant's feet.

Appellant contends the trial court erred in denying his motion for change of judge, without a hearing, and in denying him an opportunity to file a motion in compliance with Ind.R.C.P. 12. He alleges that he did not know that the presiding judge would not be present until the day of trial. Upon discovering this fact, he made an oral objection, which was overruled.

The State correctly points out that appellant did not move for a change of judge, but rather objected to the duly appointed judge pro tempore on the grounds that he would be prejudiced "by … a new judge coming in at this time" and by not having had the opportunity to participate in the selection of the new judge. While this objection could possibly be construed to be a motion for change of judge, we nevertheless find no merit in appellant's contention.

Appellant's objection did not state any grounds for a change of judge, other than his desire to have the presiding judge

hear his case. It is clearly proper to overrule such an objection. *Dixon v. State* (1982), Ind., 437 N.E.2d 1318; *Bryant v. State* (1971), 256 Ind. 587, 271 N.E.2d 127. On appeal appellant has not shown that he could not have subsequently filed a proper Ind.R.C.P. 12 motion for change of judge, nor has he indicated any grounds upon which such a motion could have been based.

Appellant next contends the trial court erred in denying his motion for continuance, also made at the outset of his trial. In support of the motion appellant's trial counsel argued that he had represented appellant for only two weeks and needed more time to prepare a defense.

██ Because appellant's motion for continuance did not conform to the requirements set out in Ind.Code § 35–36–7–1, the court's ruling was made within its sound discretion. Its ruling will not be reversed absent a clear abuse of that discretion. *Carter v. State* (1983), Ind., 451 N.E.2d 639; *Drollinger v. State* (1980), 274 Ind. 5, 408 N.E.2d 1228.

██ We have previously stated that continuances to allow more time for preparation are not favored and should be granted only with a showing of good cause and in the furtherance of justice. *Downer v. State* (1982), Ind., 429 N.E.2d 953; *Keys v. State* (1979), 271 Ind. 52, 390 N.E.2d 148. Here, appellant only made the speculative contention that additional witnesses and evidence could be found if further investigation were permitted. Although appellant did specifically allege in his motion to correct errors what the objects of the investigation would have been, he has failed to demonstrate that the absence of such evidence establishes the specific harm requisite to a showing of an abuse of the trial court's discretion. *Dillon v. State* (1983), Ind., 448 N.E.2d 21. Accordingly, we find no error in the denial of appellant's motion for continuance.

Appellant contends the trial court erred in admitting into evidence State's Exhibit No. 3, a photograph taken shortly after he was apprehended, which depicted him handcuffed to a chair in the mall security office. He argues that because he had already been identified in court the photographic evidence lacked probative value and was unduly prejudicial.

██ The admission of photographs into evidence is made within the sound discretion of the trial court and reversal will be granted only upon a showing of a clear abuse of that discretion. *McNary v. State* (1984), Ind., 460 N.E.2d 145; *Bridges v. State* (1983), Ind., 457 N.E.2d 207. While competent evidence may be excluded where its probative value is outweighed by its tendency to prejudice, this balancing is to be done in the discretion of the trial court. *Johnson v. State* (1983), Ind., 455 N.E.2d 897.

██ Despite the prior in-court testimony, the photograph was relevant to the issue of identification. Since the jury had been informed of the circumstances in which the photograph was taken, it could not have been inferred that the photograph revealed prior criminal activity, which might have made the photograph unduly prejudicial. *See, e.g., Blue v. State* (1968), 250 Ind. 249, 235 N.E.2d 471 ("mug shots" generally inadmissible). The trial court did not abuse its discretion in admitting the photograph into evidence.

Appellant contends there was insufficient evidence to prove he committed the offense of attempted murder. He argues the State failed to prove, beyond a reasonable doubt, either of the elements of the offense.

In addressing the issue of sufficiency of the evidence, this Court does not reweigh evidence nor judge the credibility of witnesses. *Lenn v. State* (1982), Ind., 437 N.E.2d 56; *Harris v. State* (1981), Ind., 425 N.E.2d 112.

██ The crime of attempt has two elements: 1) acting with the specific intent to commit the substantive crime, and 2) taking a substantial step toward its commission. *Armstrong v. State* (1982), Ind., 429 N.E.2d 647; *Zickefoose v. State* (1979), 270

Ind. 618, 388 N.E.2d 507; *see* Ind. Code § 35–41–5–1(a). Appellant contends he lacked the specific intent to kill, based on evidence he presented that he is adept in the handling of firearms and his testimony that he aimed the gun at an angle so that the discharged bullet would not strike anyone. His intent, therefore, was to frighten his pursuer rather than to kill him.

At trial Pedro, appellant's pursuer, testified that he thought appellant fired the gun at him. Nolan testified that she perceived that the gun was fired at Pedro. One of the arresting officers testified that the handgun used by appellant was not a particularly accurate weapon, and that it was loaded with hollow point cartridges, which the officer stated are extremely dangerous and designed to cripple or kill.

▉▉▉ Such evidence was sufficient to prove the element of intent. "The intent to commit murder, as an element of the crime of attempted murder, may be inferred from the deliberate use of a deadly weapon in a manner reasonably likely to cause death." *Spivey v. State* (1982), Ind., 436 N.E.2d 61, 63. Discharging the gun in the direction of Pedro is substantial evidence from which the jury could infer intent to kill, notwithstanding appellant's claim that he fired only to frighten him. *See Conley v. State* (1983), Ind., 445 N.E.2d 103; *Williams v. State* (1979), 271 Ind. 656, 395 N.E.2d 239.

▉▉▉ As to the second element, appellant argues that a "wide shot" represents only the "mere appearance" of an attempt and is not sufficient to constitute proof of a substantial step toward commission of the crime. For the above reasons this claim has no merit.

Appellant claims that the criminal attempt statute, in particular the substantial step element, is unconstitutionally vague. The statute provides:

"A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages *in conduct that constitutes a substantial step toward commission of the crime.* An attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted. However, an attempt to commit murder is a Class A felony." Ind. Code § 35–41–5–1(a) (Emphasis added.)

His contention is that he could not know that pointing a firearm over the head of a person fifty feet away and discharging the weapon with the intent to frighten that person could be inferred by a trier of fact to be a substantial step toward commission of the crime of murder. Recognizing that such a constitutional challenge must be made by written motion to dismiss the charge, appellant argues that the issue is properly raised as fundamental error.

▉▉▉ Appellant's claim, while alleged in his motion to correct errors, was not raised prior to trial by a timely and proper motion to dismiss. This constitutes a waiver of the alleged error. *Harbison v. State* (1983), Ind., 452 N.E.2d 943; *Newton v. State* (1983), Ind.App., 456 N.E.2d 736. Even assuming appellant had preserved this claim, it would not constitute reversible error.

▉▉▉ "A penal statute is sufficiently certain if the offense is defined so that a person of ordinary intelligence can perceive the wrong intended to be prohibited." *Stotts v. State* (1971), 257 Ind. 8, 13, 271 N.E.2d 722, 725. All that is required is that the language of the statute convey sufficiently definite warning as to the proscribed conduct when measured by common understanding. *Id.* at 13, 271 N.E.2d at 725–26 (citations omitted).

▉▉▉ Appellant pointed a loaded gun in the direction of another person and fired the weapon. It is readily apparent that a person of ordinary intelligence could understand that conduct such as that engaged in by appellant was intended to be proscribed by the criminal attempt statute. We therefore find no merit to appellant's claim.

Appellant's final contention is the trial court erred in communicating with the jury during its deliberations without bringing the jury into open court or notifying defense counsel of the nature of the jury's questions.

Appellant correctly states the law regarding communications between a deliberating jury and the court. The proper procedure is for the judge to call the jury back into the courtroom in the presence of all the parties and their counsel. *Alexander v. State* (1983), Ind., 449 N.E.2d 1068; *Lewis v. State* (1981), Ind., 424 N.E.2d 107; *see* Ind.Code § 34–1–21–6. There is no indication this procedure was employed.

Appellant is incorrect, however, in stating that the judge responded to the jury's inquiries without the knowledge and consent of defense counsel. The record reveals that the judge answered jury questions after consulting with, and gaining the agreement of, the State and defense counsel. This procedure allowed appellant an opportunity to complain of any error at a time when it could have been rectified. *See Ortiz v. State* (1976), 265 Ind. 549, 356 N.E.2d 1188. Because appellant voiced no objections, either to the procedure in general or the responses in particular, any alleged error is deemed waived. *Reynolds v. State* (1984), Ind., 460 N.E.2d 506.

In response to one of the questions, the judge resubmitted the preliminary and final jury instructions. While generally instructions are not to be sent to the jury room, a trial court's action in doing so is harmless error if, as here, the instructions are first read to the jury in open court before the parties. *Denton v. State* (1983), Ind., 455 N.E.2d 905; *Jameison v. State* (1978), 268 Ind. 599, 377 N.E.2d 404. The court committed no reversible error in responding to the jury's questions.

The trial court is in all things affirmed.

All Justices concur.