James C. HUNT, Appellant,

v.

STATE of Indiana, Appellee.

No. 1284S497.

Supreme Court of Indiana.

Dec. 12, 1986.

Richard D. Gilroy, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

A jury trial resulted in the conviction of appellant of the crime of Attempted Robbery, a Class B felony, for which he received a sentence of twenty (20) years. He was also found to be an habitual criminal; therefore, the sentence was enhanced by thirty (30) years, making a total sentence of fifty (50) years.

The facts are: On October 15, 1983, a man, later identified as appellant, entered the 40 Minute Cleaners at 38th and Sherman Drive in Indianapolis. He was carrying a "silver" gun and holding a handkerchief or a cloth up to his face. The man said "[c]ome here" to one of the employees. When she turned around, he repeated the statement and raised the gun to the counter. One employee ran up a stairway screaming "[h]e's got a gun". The man came to the door of the employee work area, looked around, then turned and ran out of the building.

The manager followed the man and saw him get into a car and leave the area. The car was a burgundy Cadillac with a shiny black vinyl top. The manager attempted to get the license number and reported the same to the police as 93Y4891. However, upon investigation, the police found this plate was issued to another car. About five days later, the manager saw the burgundy and black Cadillac while he was driving. This time the car had a paper license plate in the back window instead of a metal plate.

On October 17, 1983, Dorothy Jones was stopped for having an expired license plate on her car. The plate number was 4225M. A check of the paper plate showed that it should not have been on Jones' car. Jones was arrested and allowed to have a telephone call placed to someone who would come and move her car. Jones asked that appellant be called. Appellant subsequently arrived in a burgundy Cadillac which had a metal license plate with the numbers 93Y9481. These were the same numbers given to the Indiana State Police by the store manager but transposed. Appellant told the police the paper plate on Jones' car belonged on the Cadillac and that the metal license plate belonged on Jones' car.

On October 20, 1983, Sergeant Gillespie of the Indiana State Police showed Renee Hutchinson, an employee of 40 Minute Cleaners, six photographs of suspects. From these six pictures she picked appellant as the man who had tried to rob the cleaners. On October 21, 1983, appellant was arrested at his home. His Cadillac with dealer's paper plate number 4225M was seized. It was later released to Curtis Auto Sales on West 16th Street in Indianapolis. The manager of 40 Minute Cleaners was taken to Curtis Auto Sales where he identified the Cadillac as the one involved in the attempted robbery of his cleaners.

When appellant was arrested he was given his *Miranda* warnings and signed a waiver of rights form. He then gave a statement to the police. When asked if he knew about the robbery, appellant stated that it was not a robbery, it was an attempted robbery. He then confessed to the attempted robbery and gave a formal statement which was transcribed. Later, on a motion to suppress his statement, he claimed that the statement was given while he was under the influence of intoxicants. His motion to suppress was denied by the trial court.

██ Appellant claims the trial court erred in denying his motion to correct error based upon his claim of newly discovered evidence. At the hearing on the motion, appellant presented four witnesses who all testified that they had heard one Kitrous Binion say that he was the one who had attempted the robbery of the 40 Minute Cleaners. The granting of a new trial on newly discovered evidence is a matter within the sound discretion of the trial court. *Lottie v. State* (1983), Ind., 444 N.E.2d 306. Denial of a motion to correct error predicated on such evidence will result in reversal only for an abuse of discretion. *Smith v. State* (1983), Ind., 455 N.E.2d 346.

At his trial, appellant had denied he was the one who perpetrated the attempted robbery and claimed Kitrous Binion had borrowed his car during that period of time. There was no attempt to present Kitrous Binion at the hearing. The testimony of the witnesses was of course hearsay. At least one of the witnesses who testified concerning Binion's statement also admitted on cross-examination that Binion's credibility was not very good.

If we accept appellant's statement that he knew nothing of Binion's confession to the crime prior to the termination of his trial, such purported confession is merely a matter of speculation based upon evidence presented to the trial court. We find, in view of the evidence presented, the question of the probable effectiveness of this supposed newly discovered evidence lies clearly within the discretion of the trial court. We find no abuse of that discretion.

Appellant asks this Court to review the sufficiency of the evidence in the trial record. In doing so he recognizes this Court will not reweigh evidence on appeal; however, he claims there is a total lack of evidence to support the charge that he attempted a robbery. It is his position that the mere fact he came into the cleaners carrying a gun and holding a cloth to his face is not sufficient to establish that he intended a robbery. He points out that at no time did he say "[t]his is a robbery" or use any similar language. His only utterance was that he twice said "[c]ome here."

He further argues that even if this Court would hold that such was sufficient to indicate an attempted robbery, the evidence also discloses that he abandoned the robbery by turning and fleeing from the establishment. The fact is that when the employees of the establishment realized appellant was standing there with a gun in his hand and a handkerchief to his face they all fled from his immediate presence, leaving him standing in the room with nobody to threaten with his gun.

The manager, Timothy Speitzer, testified that although he was out of appellant's sight, he observed appellant and that after the employees fled, appellant "kind of looked around and turned around and ran out of the building". Based upon this evidence the jury was justified in finding that appellant was merely foiled in his robbery attempt and that he was leaving not because he had abandoned the attempt but to avoid capture at the scene.

Appellant also claims there is a great deal of evidence in this case that he was under the influence of drugs and alcohol at the time the robbery was supposed to have been committed and at the time of his confession. The evidence before the jury was that he obviously drove an automobile to the scene, that he was able to enter the establishment and speak to the employees, that he was able to discern that his attempt had failed and that he was able to run from the establishment, enter his automobile and drive away. This was evidence from which the jury could deduce that if appellant was intoxicated at all at the time of the offense, his intoxication was slight.

As far as his intoxication at the time he gave his statement to the police, police officers testified that appellant appeared to be sober during his questioning. Appellant himself testified he had ingested both alcohol and drugs at the time. This presented a conflict of evidence which was a decision for the jury to make and will not be disturbed by this Court on appeal. *Rhinehardt v. State* (1985), Ind., 477 N.E.2d 89.

The trial court is affirmed.

PIVARNIK, SHEPARD and DICKSON, JJ., concur.

DeBRULER, J., concurs in result.