**Isaiah TOOLEY, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A04–0902–CR–62.

Court of Appeals of Indiana.

Aug. 21, 2009.

Victoria L. Bailey, Marion County Public Defender, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Ian McLean, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Chief Judge.

Appellant-defendant Isaiah Tooley appeals his conviction for Cruelty to an Animal,[1] a class A misdemeanor. Specifically, Tooley argues that the statute is unconstitutionally vague and that there was insufficient evidence to convict him. Finding that the statute is not unconstitutionally vague on its face or as applied to Tooley and that the evidence was sufficient, we affirm.

### FACTS

On June 16, 2008, Ronette Spurgeon was standing at the door of her Beech Grove residence when she saw what appeared to be a group of teenagers standing approximately sixty to seventy feet away. One of the individuals, eighteen-year-old Tooley, was holding a cat away from his body. Tooley then dropped the cat and kicked it with his foot, sending the cat out of Spurgeon's field of vision. Spurgeon called the police, and while she was on the telephone, she witnessed another person pick up the cat, spin in a circle, and then release the cat.

Shortly before or after this incident, Tiffany Kotlarz was swimming in her pool with friends when Tooley and several other people, whom she did not know, walked up to her fence to talk to her friends. After they left, Kotlarz heard a cat making "unhappy" sounds. Tr. p. 11. Kotlarz walked into an alley where she saw a boy kick a cat. Kotlarz testified that "[h]e used his foot and he just sort of flung his foot back and then kicked it," but she was

---

1. Ind.Code § 35–46–3–12(b).

unable to describe the boy who had kicked the cat. *Id.* at 12.

Officer Comstock of the Beech Grove Police Department responded that evening to a "report of two (2) juveniles possibly kicking a cat."[2] *Id.* at 17. When Officer Comstock arrived on the scene, he found Tooley and another boy near Spurgeon's house. After advising Tooley of his *Miranda* rights, Tooley admitted that he had kicked a cat and pointed to a black cat walking around in the alley as the one he had kicked.

On June 18, 2008, Tooley was charged with cruelty to an animal, a class A misdemeanor. Following a bench trial, which commenced on January 8, 2009, Tooley was found guilty as charged and sentenced to 365 days with all but six days suspended to probation. Tooley now appeals.

## DISCUSSION AND DECISION

### I. Vagueness

■ Tooley argues that the statute is unconstitutionally vague. As an initial matter, the State maintains that Tooley has waived this argument because he did not move to dismiss the information in the trial court. Tooley counters that the constitutionality of a statute may be raised at any stage of the proceedings.

Although our Supreme Court has held that "[g]enerally, the failure to file a proper motion to dismiss raising the Constitutional challenge waives the issue on ap-

peal," *Payne v. State*, 484 N.E.2d 16, 18 (Ind.1985), it has also stated that "the constitutionality of a statute may be raised at any stage of the proceeding including raising the issue *sua sponte* by this Court," *Morse v. State*, 593 N.E.2d 194, 197 (Ind. 1992). In addition, even in some cases where waiver has been found, the court proceeded to address the merits of the defendant's constitutional challenge. *See Rhinehardt v. State*, 477 N.E.2d 89, 93 (Ind.1985) (concluding that "[e]ven assuming appellant had preserved this claim, it would not constitute reversible error"); *Baumgartner v. State*, 891 N.E.2d 1131, 1136 (Ind.Ct.App.2008) (stating that "even if we were to consider [the defendant's] argument upon the merit s, he would not prevail because his challenge to the statute as unconstitutionally vague fails"). Thus, we will address the merits of Tooley's argument.[3]

■ Proceeding to the merit s, "[w]hen the validity of a statute is challenged, we begin with a 'presumption of constitutionality.'" *State v. Lombardo*, 738 N.E.2d 653, 655 (Ind.2000) (quoting *State v. Downey*, 476 N.E.2d 121, 122 (Ind. 1985)). The burden is on the defendant to rebut this presumption, and we must resolve all reasonable doubts in favor of the statute's constitutionality. *Id.* A statute will not be found to be unconstitutionally vague if individuals of ordinary intelligence would comprehend it adequately to inform them of the generally proscribed conduct,

2. Tooley was not a juvenile at the time the offense was committed.

3. We caution that our decision to reach the merits is not an invitation to neglect to file a motion to dismiss and then argue for the first time on appeal that the statute is unconstitutional. Indeed, this court has refused to address the merits after concluding that the defendant waived his constitutional challenge. *See Adams v. State*, 804 N.E.2d 1169, 1172 (Ind.Ct.App.2004) (holding that the defendant

waived his challenge to the constitutionality of a statute because he failed to file a motion to dismiss in the trial court); *Wiggins v. State*, 727 N.E.2d 1, 5 (Ind.Ct.App.2000) (holding that the defendant waived his argument that the statute was unconstitutionally vague even though he had filed a motion to dismiss because the motion only alleged that the statute violated the prohibition against ex post facto laws).

but the statute need not list with itemized exactitude each item of prohibited conduct. *Id.* at 656. Moreover, vagueness challenges which do not involve First Amendment freedoms are examined in light of the facts of that particular case. *Id.*

Indiana Code section 35–46–3–12(b) provides that "[a] person who knowingly or intentionally beats a vertebrate animal commits cruelty to an animal, a Class A misdemeanor." "Beat" is defined as "to unnecessarily or cruelly strike an animal, or to throw the animal against an object causing the animal to suffer severe pain or injury." I.C. § 35–46–3–0.5(2).

Tooley argues that the terms "unnecessarily" and "cruelly" are highly subjective terms and fail to provide notice as to what conduct is prohibited. In addition, Tooley contends that the use of these subjective terms invites "arbitrary arrests and prosecutions under the statute." Appellant's Br. p. 7.

To resolve this issue, we must interpret the terms "unnecessarily" and "cruelly" as they are used in the statute. The interpretation of a statute is a question of law reserved for the courts. *Scalpelli v. State*, 827 N.E.2d 1193, 1196 (Ind. Ct.App.2005). If a statute is not ambiguous, then we will give the statute is clear and plain meaning. *Bolin v. Wingert*, 764 N.E.2d 201, 204 (Ind.2002). However, if the statute is susceptible to multiple interpretations, we must try to ascertain the legislature's intent and interpret the statute so as to accomplish that intent. *Id.* We presume that the legislature intended that the language of the statute be given its logical application so as to avoid unjust or absurd results. *Id.*

"Unnecessarily," the adverb form of the adjective "unnecessary," is defined as "needless." *The American Heritage Dictionary of the English Language* 1884 (4th ed.2000). Similarly, "cruelly" is the ad-

verb form of the adjective "cruel," which means "[c]ausing suffering; painful." *Id.* at 437. Thus, under the statute, a person "beats" a vertebrate animal when he needlessly strikes an animal or strikes an animal so as to cause pain or suffering.

These straightforward definitions are sufficient to fairly inform a person of ordinary intelligence of the proscribed conduct. Indeed, we agree with the State that "[a] person of ordinary intelligence would, from the statutes, know that he cannot kick a cat on a sadistic whim." Appellee's Br. p. 8. Moreover, the statute is sufficiently definitive to "indicate where the line is to be drawn between trivial and substantial things so that erratic arrests and convictions ... will not occur." *Brown v. State*, 868 N.E.2d 464, 467 (Ind. 2007). Therefore, the statute is not vague on its face or as applied to Tooley, and this argument fails.

### II. Sufficiency of the Evidence

Tooley maintains that the evidence was insufficient to convict him because the State failed to prove beyond a reasonable doubt that the cat suffered severe pain or injury. Specifically, Tooley contends that "we can not [sic] know if the cat was hurt because the cat cannot tell us how it feels—which is exactly why the State's evidence was insufficient." Appellant's Br. p. 8–9. In addition, Tooley points out that "the cat was not examined by anyone qualified to determine if it was in pain or injured." *Id.* at 8.

The deferential standard of review for sufficiency claims is well settled. This court will neither reweigh the evidence nor assess the credibility of witnesses. *Dillard v. State*, 755 N.E.2d 1085, 1089 (Ind. 2001). Rather, we will consider only the evidence and reasonable inferences most favorable to the trial court's ruling, and we will affirm unless " 'no reasonable fact-

finder could find the elements of the crime proven beyond a reasonable doubt.'" *Drane v. State*, 867 N.E.2d 144, 146–47 (Ind.2007) (quoting *Jenkins v. State*, 726 N.E.2d 268, 270 (Ind.2000)).

As stated earlier, Indiana Code section 35–46–3–0.5(2), which defines certain terms used in the offenses relating to animals, states that "'Beat' means to unnecessarily or cruelly strike an animal … causing the animal to suffer severe pain or injury.'" Thus, the State had to prove that the animal suffered severe pain or injury to secure Tooley's conviction.

In the instant case, the record indicates that Tooley, while wearing a steel-toed boot, drop kicked a cat with such force that it was sent flying out of Spurgeon's sight. In addition, Kotlarz testified that she heard the cat making "unhappy" sounds, and that she left her pool to see what was wrong. Tr. p. 11–12. Furthermore, Officer Comstock testified that the cat did not want to be picked up or handled in any way. Under these circumstances, the cat did not have to be examined by someone qualified [4] to determine whether the cat had suffered severe pain because the factfinder could reasonably make that inference from the evidence.

Moreover, Tooley's assertion that the evidence was insufficient because the cat could not testify that it had been in severe pain is illogical, inasmuch as no one could be convicted of beating a vertebrate animal if this were the rule. We will not presume that the legislature intended such an absurd result by defining the term "beat" so as to require that the animal suffer severe pain or injury. *See Cubel v. Cubel*, 876 N.E.2d 1117, 1120 (Ind.2007) (stating that "[t]he Court presumes that the legislature intended for the statutory language to be applied in a logical manner consistent with the statute's underlying policy and goals"). Therefore, we conclude that the evidence was sufficient and affirm the judgment of the trial court.

The judgment of the trial court is affirmed.

FRIEDLANDER, J., and RILEY, J., concur.

---

4. Tooley does not specify who would be qualified to determine whether a cat has suffered severe pain or injury.