**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 17 2013, 9:25 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JAMES L. CLEMENT, JR.**
Lucas, Holcomb & Medrea, LLP
Merrillville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| B.B., JR., | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1205-JV-228 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Mary Beth Bonaventura, Judge
The Honorable Jeffrey Miller, Magistrate
Cause No. 45D06-1103-JD-285

**January 17, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

B.B., Jr. appeals his adjudication as a juvenile delinquent for having committed cruelty to an animal,[1] a Class A misdemeanor if committed by an adult, contending that the evidence was insufficient to support the adjudication.

We affirm.

## FACTS AND PROCEDURAL HISTORY

In February 2011, ten-year-old B.B. lived in Griffith, Indiana with his mother, his younger sister, a Poodle-Shih Tzu dog named Cupcake, and Cupcake's two puppies. Around 7:30 a.m. on February 18, B.B. and his younger sister were outside with Cupcake and the puppies. The day was cold, there was snow on the ground, and the puppies, who were nine-weeks old and quite small, had been outside only once before.

At the hearing on B.B.'s delinquency adjudication, Tammy Stupar ("Stupar") and Sharon Miller ("Miller"), neighbors who lived next door and across the street, respectively, from B.B.'s family, testified that B.B. picked up the puppies and threw them into puddles of water and ice, and that he put the puppies in a tall kitchen garbage can and kicked the can off the front porch. *Tr.* at 8, 13-15, 21-22, 39. Stupar testified that she saw B.B. kick the puppies off a porch, and that he threw the puppies onto the ground with enough force that their yelping could be heard through closed windows. Stupar called Lake County Animal Control ("Animal Control"), and while it took some time before her call was answered, a representative from Animal Control finally arrived and seized Cupcake and the two puppies.

---

[1] *See* Ind. Code § 35-46-3-12(b).

On April 7, 2011, the trial court authorized the State to file a petition alleging B.B. was a delinquent child. The petition was based upon allegations that B.B. violated Indiana Code section 35-46-3-12(b), which provides: "A person who knowingly or intentionally beats a vertebrate animal commits cruelty to an animal, a Class A misdemeanor." An initial hearing was held on May 24, 2011. On July 21, 2011, the trial court entered an order that the puppies be released for adoption and that Cupcake be released to B.B.'s mother upon payment of $1,569 to the Animal Shelter. This amount represented the $10 per day boarding charge, plus other expenses incurred by the shelter in caring for Cupcake.

Following B.B.'s adjudication hearing on August 30, 2011, the matter was taken under advisement. On October 19, 2011, the juvenile court entered an order finding that the State had proven beyond a reasonable doubt that B.B. was a delinquent child. On January 7, 2012, the juvenile court entered its disposition order on the delinquency adjudication. On May 15, 2012, B.B filed his notice of appeal. This court ordered B.B. to file an amended notice of appeal within thirty days under the new Case No. 45A03-1205-JV-228. Having filed an amended notice of appeal, B.B. now appeals. Additional facts will be added as needed.

## DISCUSSION AND DECISION

B.B. contends that the evidence was insufficient to convict him of cruelty to an animal. Specifically, B.B. contends that the State failed to prove beyond a reasonable doubt that he knowingly or intentionally beat a puppy. To support B.B.'s true finding adjudicating B.B. "delinquent for having committed . . . cruelty to an animal (I.C. 35-46-

3

3-12)," the State had to prove that B.B. "knowingly or intentionally beat[] a vertebrate animal." *Appellee's Br.* at 5 (citing Ind. Code § 35-46-3-12(b)); *Appellant's App*. at 12. For purposes of Indiana Code section 35-46-3-12, "beat" means "to unnecessarily or cruelly strike an animal, or to throw the animal against an object causing the animal to suffer severe pain or injury."[2] Ind. Code § 35-46-3-0.5. Here, the State was required to prove beyond a reasonable doubt that B.B. knowingly or intentionally unnecessarily or cruelly struck a puppy, or threw a puppy against an object causing the puppy to suffer severe pain or injury. Ind. Code § 35-46-3-12(b).

The deferential standard of review for sufficiency claims is well settled. *Duncan v. State*, 975 N.E.2d 838, 845 (Ind. Ct. App. 2012). We do not reweigh the evidence or assess the credibility of the witnesses. *Id*. "Rather, we will consider only the evidence and reasonable inferences most favorable to the trial court's ruling, and we will affirm unless ' "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." ' " *Tooley v. State*, 911 N.E.2d 721, 724 (Ind. Ct. App. 2009) (citing *Drane v. State,* 867 N.E.2d 144, 146-47 (Ind. 2007) (quoting *Jenkins v. State,* 726 N.E.2d 268, 270 (Ind. 2000))), *trans. denied*. Stupar testified that as she looked out her window she saw B.B. pick up the puppies and throw them into puddles of water and ice. *Tr*. at 8. She also testified that she saw B.B. put the puppies in a tall kitchen garbage can at the edge of the front porch and kick the can off the porch with the puppies in it. *Id*. B.B. put the puppies in the garbage can and threw snowballs at them. *Id*. During the adjudication

---

[2] It is a defense to a charge of cruelty to animals that the defendant was engaging in or using reasonable training or disciplinary techniques. Ind. Code § 35-46-3-12(e)(2). Here, B.B. has raised no such defense.

4

hearing, Stupar was asked whether she saw B.B. strike any of the three animals or throw them against an object causing them to suffer severe pain or injury. *Id*. at 15. Stupar responded that she saw B.B. "kicking [the puppies] off the porch," and that, from inside her house, she could hear the puppies "yelping." *Id*. Stupar admitted that she did not call out to B.B. to stop, but instead she called Animal Control. *Id*. at 15. Stupar testified that she watched B.B. with the dogs for about an hour and a half. *Id*. at 9. Miller testified that she saw B.B. pick up one of the puppies and throw it. *Id*. at 21. She also said that she saw B.B. repeatedly throw snowballs at the puppies while they were on the ground and also while they were inside the garbage can. *Id*. Miller said that she watched for about fifteen or twenty minutes, at which time Animal Control arrived. *Id*. at 22. From this evidence, the trial court adjudicated B.B. to be a delinquent. Viewed consistently with our standard of review, the evidence is sufficient to affirm B.B.'s adjudication as a delinquent for having committed cruelty to an animal.

Affirmed.

MATHIAS, J., and CRONE, J., concur.