## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jun 23 2015, 9:09 am
CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Barbara J. Simmons<br>Oldenburg, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana |
| | Jesse R. Drum<br>Deputy Attorney General<br>Indianapolis, Indiana |

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Fritz Bernier,[1]<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 23, 2015<br><br>Court of Appeals Case No.<br>49A02-1410-CR-718<br><br>Appeal from the<br>Marion Superior Court<br><br>The Honorable Rebekah F. Pierson-Treacy, Judge<br>The Honorable Shatrese M. Flowers, Master Commissioner<br><br>Cause No. 49G19-1406-FD-33675 |

---

[1] We note that, due to a clerical error, the Appellant's name was incorrectly entered in the trial court's record as Bernier Fritz rather than his correct name of Fritz Bernier. Although an oral motion was made prior to the jury trial to amend the charging information to reflect the correct name and was granted by the trial court, *see tr.* at 52-53, it does not appear that the amendment was ever made. Because the CCS in this case continued to list the Appellant as Bernier Fritz, that name reference was used in the appeal. In order to correct this incorrect name entry, we remand this case to the trial court so that the trial record can be amended to reflect the Appellant's correct name as Fritz Bernier.

**Kirsch, Judge.**

[1] Fritz Bernier was convicted after a jury trial of disorderly conduct[2] as a Class B misdemeanor and was sentenced to 180 days executed. He appeals, raising the following issue for our review: whether the State presented sufficient evidence to support his conviction for disorderly conduct.

[2] We affirm and remand.

## Facts and Procedural History

[3] At around 5:00 p.m. on June 28, 2014, Indiana State Capitol Police Officers Michael Hollandsworth and James Rice were driving north on Meridian Street past Veteran's Park in Indianapolis, Indiana. The officers noticed that two park benches were overturned. People were sitting on another nearby park bench, and fifteen to twenty yards away from these people a man later identified as Bernier was walking in the park waving a knife over his head. Officer Hollandsworth pulled the patrol car onto the sidewalk and activated the emergency lights.

[4] When the officers got out of their car, Bernier was about ten to fifteen feet away from the people on the bench. He held the knife above his head and was shouting, "I'll kill you" and other vulgarities. *Tr.* at 83, 108. When Bernier saw the officers, he turned his body away from them and put the knife in his

---

[2] *See* Ind. Code § 35-45-1-3(a)(1).

pocket. Officer Hollandsworth told Bernier to show his hands, and Bernier removed the knife from his pocket and dropped in on the ground. Officer Rice then placed Bernier in handcuffs.

[5] Bernier smelled like alcohol, his eyes were red and bloodshot, his dexterity was slow, and his balance was poor. He continued to yell after he had been handcuffed, accusing the officers of racism, calling them names, and screaming other obscenities. He asked one of the officers to remove the handcuffs so they "could go at it." *Id*. at 137. Bernier also continued to yell at the people on the bench, saying he was going to "kill them." *Id*. at 135-37. Additionally, he began to spit at the officers, and when an officer arrived to take Bernier to jail, the officer put a spit mask on Bernier.

[6] The State charged Bernier with Class B misdemeanor disorderly conduct and Class D felony criminal recklessness. The State dismissed the criminal recklessness charge prior to the trial. At the conclusion of the jury trial, Bernier was found guilty of disorderly conduct, and the trial court sentenced him to 180 days executed. Bernier now appeals.

## Discussion and Decision

[7] The deferential standard of review for sufficiency claims is well settled. This court will neither reweigh the evidence nor assess the credibility of witnesses. *Tooley v. State*, 911 N.E.2d 721, 724 (Ind. Ct. App. 2009), *trans. denied*; *Elisea v. State*, 777 N.E.2d 46, 48 (Ind. Ct. App. 2002). Rather, we will consider only the evidence and reasonable inferences most favorable to the trial court's ruling.

*Elisea*, 777 N.E.2d at 48. We will affirm unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Tooley*, 911 N.E.2d at 724-25. Thus, if there is sufficient evidence of probative value to support the conclusion of the trier of fact, then the verdict will not be disturbed. *Trimble v. State*, 848 N.E.2d 278, 279 (Ind. 2006).

[8] Bernier argues that the State failed to present sufficient evidence to support his conviction for disorderly conduct. He claims that the State did not prove that he engaged in fighting or tumultuous conduct because nothing in the record indicated that any serious injury or substantial damage to property was likely to result from his conduct. Bernier asserts that, although his conduct could be characterized as annoying, it never posed any threat of serious bodily injury and was, therefore, not tumultuous conduct.

[9] In order to convict Bernier of disorderly conduct as a Class B misdemeanor, the State was required to prove beyond a reasonable doubt that he recklessly, knowingly, or intentionally engaged in fighting or in tumultuous conduct. Ind. Code § 35-45-1-3(a)(1). Tumultuous conduct is "conduct that results in, or is likely to result in, serious bodily injury to a person or substantial damage to property." Ind. Code § 35-45-1-1. Disorderly conduct may occur "when the aggressor appears well on his way to inflicting serious bodily injury but relents in the face of superior force or creative resistance." *Bailey v. State*, 907 N.E.2d 1003, 1007 (Ind. 2009).

[10] The evidence presented at trial showed that, as Officers Hollandsworth and Rice arrived at the scene, Bernier was about fifteen to twenty yards away from the people on the bench, waving a knife above his head. By the time the officers had gotten out of their car, Bernier was within ten or fifteen feet of the people on the bench and was yelling at the people that he was going to kill them. This evidence established that Bernier was "well on his way to inflicting serious bodily injury" before he relented "in the face of superior force" of the police. *See id.*

[11] Bernier's conduct prior to his arrest is similar to the conduct found sufficient to constitute disorderly conduct in *B.R. v. State*, 823 N.E.2d 301 (Ind. Ct. App. 2005). There, B.R. initiated an argument with a fellow student at his high school, and while the two were standing face to face, B.R. pulled out a knife and pointed it at the other student, at which time, the other student hit B.R. and fled. *Id.* at 302. This court concluded that B.R.'s conduct "created an immediate danger of serious bodily injury, which was defused only when the threatened person struck B.R. and left." *Id.* at 307. In the present case, Bernier created an immediate danger of serious bodily injury when he threatened the people on the bench while waving the knife over his head, and that danger was defused only when the officers placed Bernier in handcuffs and removed the knife.

[12] In *Bailey*, our Supreme Court affirmed a conviction for disorderly conduct, where the defendant student threw down his coat and drink, stepped toward his dean of students, "began to unleash a series of obscenities while standing with

his fist clinched at his sides," and only backed away when he saw a school police officer. 893 N.E.2d at 1004, 1007. The Supreme Court held that a trier of fact could reasonably conclude that the defendant's conduct would have escalated if not for the arrival of the officer. *Id.* at 1007. Even though the defendant did not wield a weapon, the Court determined that his clenched fists and the testimony of the dean that he felt the defendant was ready to hit him constituted sufficient evidence that serious bodily injury was likely to result from the defendant's conduct. *Id.*

[13] Here, Bernier's tumultuous conduct continued even after he was handcuffed. He yelled at the officers, accused them of racism, called them derogatory names, and screamed other obscenities. He also told one of the officers to remove the handcuffs so that he could fight the officer. One of the officers described Bernier's yelling and screaming as "fighting words." *Tr.* at 154. Additionally, Bernier was spitting at the officers, and the jail transport officer had to put a spit mask on him. This post-arrest conduct was likely to result in serious bodily injury to Bernier or one of the police officers.

[14] We conclude that the evidence presented at the jury trial was sufficient to prove that Bernier recklessly, knowingly, or intentionally engaged in fighting or in tumultuous conduct. Sufficient evidence was, therefore, presented to support his conviction for disorderly conduct. We affirm Bernier's conviction, but remand with instructions that the trial court amend the trial record to correctly reflect the appellant's name as "Fritz Bernier."

Affirmed and remanded.

Vaidik, C.J., and Bradford, J., concur.